UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00123-RSE

**JESSICA H.**                                                                                                                                          **PLAINTIFF**

**VS.**

**MARTIN O'MALLEY,**
*Commissioner of Social Security*[1]                                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

The Commissioner of Social Security denied Claimant Jessica H.'s ("Claimant's") application for disability insurance benefits. Claimant presently seeks judicial review of the Commissioner's denial pursuant to 42 U.S.C. § 405(g). Both Claimant (DN 16; DN 17) and the Commissioner (DN 21) have filed a Fact and Law Summary. The time for Claimant to file a reply has expired. The Parties have consented, under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 14).

### I. Background

Jessica H. ("Claimant") applied for disability insurance benefits under Title II of the Social Security Act on September 30, 2020. (Tr. 286). The application alleged Claimant's disability began on October 1, 2017 (Tr. 289) due to "PTSD, depression, bipolar, anxiety, borderline personality disorder, SSI joint, sciatic nerve, back pain, neck pain, and OCD of the ankle" (Tr. 309).

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley is substituted for Kilolo Kijakazi as Defendant in this case.

Claimant's applications were denied at the initial and reconsideration levels. (Tr. 184-203). At Claimant's request, Administrative Law Judge Candace McDaniel ("ALJ McDaniel") conducted a hearing in Louisville, Kentucky on February 10, 2022. (Tr. 82). Claimant and her counsel appeared by telephone.[2] (Tr. 84). An impartial vocational expert also participated in the hearing. (*Id.*).

During the hearing, Claimant testified to the following. Claimant is forty-one years old, has a tenth-grade education, and lives alone in a house. (Tr. 88-89). Starting around 2013, she was employed as a custodian at Fort Knox, where she cleaned buildings. (Tr. 91-94). In May of 2016, Claimant injured her ankle and had surgery. (Tr. 94). She received worker's compensation. (Tr. 95). Shortly after returning to work, she was fired. (*Id.*).

Claimant considers her anxiety her most severe medical condition. (DN 96). Claimant's anxiety "paralyzes" her and has been intensified over the last several years from trauma. (*Id.*). She estimates having one panic attack per week that can sometimes last a whole day. (Tr. 97). Claimant takes medication for these panic attacks that calms her down a little bit. (*Id.*). Her depression has also increased since she injured her ankle and started having issues with her back. (DN 98). She explains she has highs and lows but tends to seclude herself when she is depressed. (*Id.*). Claimant attends frequent appointments with a counselor at Nunn Psychiatric. (Tr. 99-100). On a bad day, Claimant says she stays in bed at home and cries a lot. (Tr. 102).

Claimant estimates she can stand and walk for ten to fifteen minutes before needing to sit down. (Tr. 104). But her back continues to hurt even while she is seated. (*Id.*). She uses a cane when she leaves the house (Tr. 103) and wears an ankle brace (Tr. 105). Claimant takes care of

---

[2] The hearing was conducted telephonically because of the COVID-19 pandemic. (Tr. 84, 87). Claimant signed a COVID-19 Public Health Emergency Agreement Forms wherein she agreed to a telephone hearing. (Tr. 231).

her personal needs, like bathing and getting dressed, without problem. (Tr. 107). She can drive and cook meals in the microwave. (*Id.*).

ALJ McDaniel issued an unfavorable decision on May 17, 2022. (Tr. 63-77). She applied the Commissioner's five-step evaluation process for determining whether a claimant is disabled, 20 C.F.R. § 404.1520, and found as follows. First, Claimant did not engage in substantial gainful activity during the period from her alleged onset date of October 1, 2017, through her date last insured of December 31, 2021. (Tr. 65). Second, through the date last insured Claimant had the severe impairments of lumbar degenerative disc disease; obesity; bipolar disorder; depression; and anxiety. (*Id.*). Third, through the date last insured, Claimant did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment from 20 C.F.R. Pt. 404, Subpt. P, App'x 1. (Tr. 68). At the fourth step, ALJ McDaniel determined Claimant has the residual functional capacity (RFC) to perform "less than the full range of light work[,]" with the following limitations:

> The claimant can lift/carry 10 pounds frequently and 20 pounds occasionally; sit for 6 hours in an 8-hour workday; and stand and/or walk for 6 hours in an 8-hour workday. The claimant cannot climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs. The claimant can occasionally stoop, crouch, crawl, and kneel. The claimant requires the ability to alternate positions at a 30-to-60-minute interval taking no more than 1-2 minutes to change position without leaving the workstation. There would be no concentrated exposure to vibration and no hazards such as unprotected heights or operation of dangerous moving machinery. There would be no concentrated exposure to extremes in weather or cold, rainy weather or wetness. The claimant can understand, remember, and carry out simple instructions on a sustained basis; and can interact with supervisors, coworkers, and the public on an occasional basis for task completion.

(Tr. 69-70). Additionally at step four, ALJ McDaniel found that through the date last insured, Claimant was unable to perform any of her past relevant work. (Tr. 75). Fifth and finally, considering the Claimant's age, education, work experience, and RFC, there were jobs that existed

in the national economy which Claimant could have performed through her date last insured. (Tr. 75).

ALJ McDaniel concluded Claimant was not under a disability, as defined in the Social Security Act, from October 1, 2017, her alleged onset date, through December 31, 2021, her date last insured. (Tr. 76). Claimant appealed ALJ McDaniel's decision. (Tr. 283-84). The Appeals Council declined review, finding Claimant's reasons for disagreement did not provide a basis for changing ALJ McDaniel's decision. (Tr. 1-4). At that point, the denial became the final decision of the Commissioner, and Claimant appealed to this Court. (DN 1).

## II. Standard of Review

Administrative Law Judges make determinations as to social security disability by undertaking the five-step sequential evaluation process mandated by the regulations. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-04 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); 20 C.F.R. §§ 404.1520(b), 416.920(b). Throughout this process, the claimant bears the overall burden of establishing they are disabled; however, the Commissioner bears the burden of establishing the claimant can perform other work existing in significant numbers in the national economy. *Id.* at 804 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the Administrative Law Judge's decision is limited to an inquiry as to whether the Administrative Law Judge's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations

4

omitted), and whether the Administrative Law Judge employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted).

### III. Analysis

Claimant challenges two aspects of ALJ McDaniel's decision. First, she alleges ALJ McDaniel erred by failing to incorporate her Step Three finding that Claimant is moderately limited in sustaining concentration, persistence, and pace into her RFC determination. Second, Claimant alleges ALJ McDaniel's RFC fails to properly explain how she considered Ms. Conyer's determination that Claimant has moderate limitations in the ability to tolerate the stress and pressure of day-to-day work activity.

At Step Three of her decision, ALJ McDaniel evaluated Claimant's mental impairments under Listings 12.04 and 12.06 using the paragraph B and paragraph C criteria. In evaluating the paragraph B criteria, ALJ McDaniel found Claimant had "moderate limitation" in concentrating, persisting, or maintaining pace. Despite finding Claimant's limitation in this area to be "moderate," ALJ McDaniel noted that "[m]entally, the claimant is able to drive, prepare meals, watch TV, read, use the internet, and handle her own medical care. The record fails to show any significant deficits in attention or concentration." (Tr. 69).

Claimant does not challenge ALJ McDaniel's Step Three finding. Rather, Claimant asserts ALJ McDaniel's RFC determination should have been consistent with her "paragraph B" findings

5

at Step Three. Specifically, Claimant believes ALJ McDaniel's Step Three determination that Claimant is moderately limited in sustaining concentration, persistence, and pace, should have been incorporated in the RFC through time and pace restrictions.[3]

Step Three, however, regulates a "narrow category of adjudicatory conduct." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 649 (6th Cir. 2006) (en banc). This step "governs the organization and evaluation of proof of listed impairments that, if supported, renders entitlement to benefits a foregone conclusion." *Id.* "[L]imitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment." 96-8p 1996 WL 374184, at *4. The RFC is a subsequent determination, distinct and separate from step three, *Shinlever v. Berryhill*, No. 3:15-CV-371-CCS, 2017 WL 2937607, at *4 (E.D. Tenn. July 10, 2017), that "requires a more detailed assessment by itemizing various functions found in paragraphs B and C of the [listings,]" 96-8p, 1996 WL 374184, at *4.

Following these principles, district courts within the Sixth Circuit and beyond have routinely rejected claims of error that are based on an inconsistency between an ALJ's Step Three finding in the paragraph B or C criteria and their later RFC determination. *See Thorpe v. Comm'r of Soc. Sec.*, No. 4:23-CV-2-CEA-DCP, 2023 WL 8705497, at *9 (E.D. Tenn. Nov. 20, 2023) ("[T]he ALJ is not required to provide specific RFC accommodations for limitations in the paragraph B criteria."); *Hayman v. Berryhill*, No. 3:16-cv-01998, 2017 WL 9476860, at *11 (N.D. Ohio Oct. 30, 2017) (finding plaintiff's observation that ALJ did not include his step three findings in the RFC determination "fails to present a cognizable argument."); *Coates v. Comm'r of Soc.*

---

[3] In discussing ALJ McDaniel's step-three evaluation of her impairments, Claimant also briefly mentions ALJ McDaniel's "sparse" analysis of the moderate limitations in the functional domain of Claimant's ability to adapt and manage oneself for work tasks. (DN 17, at PageID # 1284). But because Claimant failed to develop any claim related to ALJ McDaniel's allegedly sparse analysis of this domain and does not tie it to any claim relating to ALJ McDaniel's RFC analysis, the Court deems this argument waived. *See United States v. Layne*, 192 F.3d 556, 557 (6th Cir. 1999) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.")).

*Sec.*, No. 5:13 CV 234, 2014 WL 1224460, at *6 (N.D. Ohio Mar. 24, 2014) (rejecting claimant's argument that ALJ should have assigned speed or pace based restrictions based on ALJ's step three finding that claimant had moderate difficulties in concentration, persistence, or pace at step three); *see also Israel v. Astrue*, 494 F. App'x 794, 796 (9th Cir. 2012) (rejecting the plaintiff's claims the ALJ erred "because he did not adequately include his own step-3 finding that claimant has 'moderate difficulties' in 'concentration, persistence, or pace' in his residual functional capacity (RFC) finding.").

ALJ McDaniel, accordingly, was not obligated to include limitations in her RFC as to Claimant's concentration, persistence, and pace based solely on her finding that she had "moderate difficulties" in this area as part of her distinct step-three analysis. Notably, ALJ McDaniel distinguished her 'paragraph B' findings at Step Three with her later RFC determination by stating:

> The limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of the mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual capacity assessment used at steps 4 and 5 requires a more detailed assessment of the areas of mental functioning. The following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the "paragraph B" mental function analysis.

(Tr. 69). The relevant question for this Court is not whether ALJ McDaniel's findings at Step Three and her RFC were consistent but whether her RFC determination declining to include additional limitations as to concentration, persistence, and pace was supported by substantial evidence.

This segways into Claimant's second claim of error – whether ALJ McDaniel erred in evaluating Ms. Conyer's medical opinion. On April 26, 2021, J. Lorilea Conyer, MA, LPP, performed a consultative examination of Claimant. (Tr. 962). She assessed that Claimant had a slight degree of impairment as to her capacity to understand, remember, and carry out instructions towards performance of simple repetitive tasks; moderate degree in her ability to tolerate stress

and pressure of day-to-day employment; slight degree of impairment in her ability to sustain concentration toward performance of simple repetitive tasks; and no limitation in her capacity to respond appropriately to supervisors and coworkers in a work setting. (*Id.*).

In evaluating Ms. Conyer's opinion, ALJ McDaniel noted her opinion "offer[ed] degrees of limitation as opposed to a specific function by function analysis." (Tr. 73). Nonetheless, ALJ McDaniel indicated she found Ms. Conyer's opinion persuasive and that it "does not suggest the presence of greater restrictions than afforded in the residual functional capacity." (Tr. 73-74). ALJ McDaniel further explained that she was finding a slightly more limited residual functional capacity but that Ms. Conyer's general finding of no more than moderate restrictions is well supported by the corresponding consultative exam findings described in her opinion and that her opinion was consistent with the other evidence of record documenting conservative normal mental status exams across multiple providers. (Tr. 74).

Claimant argues that ALJ McDaniel failed to include any limitation corresponding to Ms. Conyer's determination that Plaintiff is moderately limited in her ability to tolerate the stress and pressure of day-to-day employment despite finding her opinion persuasive. (DN 17, at PageID # 1280). Claimant also believes ALJ McDaniel was required to account for Ms. Conyer's opined limitation on tolerating the stress and pressure of day-to-day employment by requiring Claimant be given extra breaks or off task time during the workday. (*Id.* at PageID # 1285-86). ALJ McDaniel, according to Claimant, did not articulate a rationale for rejecting this portion of Ms. Conyer's opinion. (*Id.*).

Claimant's arguments fail. First, an ALJ is not required to adopt a medical opinion verbatim, even when she finds it persuasive. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Although the ALJ gave great weight to Dr. Torello's opinion, he was not

8

required to incorporate the entirety of her opinion[.]"); *Green v. Comm'r of Soc. Sec.*, No. 2:20-cv-232, 2020 WL 4877187, at *6 (S.D. Ohio Aug. 20, 2020) ("Although the ALJ assigned Mr. Spindler's opinion 'significant weight,' he was not required to adopt each of Mr. Spindler's proposed functional limitations."). However, an ALJ is required to explain why she did not adopt a portion of a medical opinion if the RFC conflicts with it. *See Kearns v. Comm'r of Soc. Sec.*, No. 3:19 CV 01243, 2020 WL 2841707, at *13 (N.D. Ohio Feb. 3, 2020) (quoting *Davidson v. Comm'r of Soc. Sec.*, No. 3:16CV2794, 2018 WL 1453472, at *2 (N.D. Ohio Mar. 23, 2018) (add'l citations omitted) ("'[W]here the opinion of a medical source contradicts his RFC finding, an ALJ must explain why he did not include its limitations in his determination of a claimant's RFC.'"). No such conflict exists here.

Claimant has not demonstrated that a moderate limitation in her ability to tolerate the stress and pressure of day-to-day employment is inconsistent with the ALJ's RFC determination. Claimant broadly alleges that the RFC does not provide for any absences, extra breaks, or off-task time beyond that provided in normal employment even though Ms. Conyer opined moderate limitation in such area. Despite this broad allegation, Claimant points to nothing in the record supporting a limitation on absences, extra breaks, or off-task time. Nor did Ms. Conyer opine such a limitation.

Additionally, Claimant fails to cite to any case law supporting that a limitation on absences, extra breaks, or off-task time necessarily correlates with a moderate limitation on tolerating the stress and pressure of day-to-day employment. Instead, Claimant relies on cases where an ALJ adopted additional limitations in their RFC where a physician determined the claimant could not complete "a normal workday or workweek without interruptions from psychologically based symptoms." (DN 17, at PageID # 1286 (citing *Simpkins v. Comm'r of Soc. Sec.*, No. 1:12 CV 640,

9

2013 WL 775356, at *12 (N.D. Ohio Feb. 27, 2013); *Varner v. Astrue*, No. 1:12-CV-1857, 2013 WL 872402, at *9 (N.D. Ohio Mar. 8, 2013))). In relying on *Simpkins* and *Varner*, Claimant conflates a claimant's moderate limitation in "the stress and pressure of day-to-day employment," with a claimant's inability "to complete a normal workday and workweek without interruptions." These cases do not support Claimant's argument.

Critically, Dr. Conyer defined "moderate" functional capacity in her opinion before assessing Claimant's limitations in each domain. Dr. Conyer stated "moderate" functional capacity is defined as the Claimant having "moderate limitation in this area, but the individual is still able to function satisfactorily." (Tr. 961). Using the definition Ms. Coyer provided, her finding of moderate limitation can be translated to Claimant still being able to function satisfactorily, which does not necessitate further RFC limitations. Other judges in this District have rejected arguments similar to Claimant's. *See Phillips v. Berryhill*, 4:18-CV-00085-HBB, 2019 WL 2359576, at *6 (W.D. Ky. June 4, 2019) (finding the plaintiff "turned a blind-eye" to the physician's definition of the term "moderate[,]" and that considering what the physician actually opined, the ALJ's RFC assessment of plaintiff's mental impairments was appropriate); *see also Kimberly Dawn H. v. Comm'r of Soc. Sec.*, 3:21-CV-00203-CHL, 2022 WL 4122231, at *8 (W.D. Ky. Sept. 9, 2022) (rejecting a similar argument that the ALJ should have incorporated physician's finding that the claimant's ability to tolerate stress and pressure of day-to-day employment is markedly limited where the claimant offered reasons for why "*no* ability to function in these areas renders an individual unable to work" which did not reflect the definition of "marked" from the rubric in the physician's opinion). ALJ McDaniel's decision to not incorporate a limitation relating to absences, extra breaks, or off-task time, accordingly, does not conflict with Ms. Conyer's finding that

Claimant is still able to function satisfactorily despite moderate limitations in tolerating the stress and pressure of day-to-day employment.

Also critical is ALJ McDaniel's recognition that Ms. Conyer only broadly assessed Claimant's degree of limitation in various areas but did not perform a function-by-function analysis. *See* SSR 96-8p (requiring the ALJ to make a function-by-function assessment of the plaintiff's alleged limitations). ALJ McDaniel explicitly found Ms. Conyer's general finding of no more than moderate restrictions was well supported by the corresponding consultative exam findings described in her opinion and that her opinion was consistent with the other evidence of record documenting conservative, normal mental status exams across multiple providers. (Tr. 74). By explaining that Ms. Conyer's opinion did not suggest the presence of greater restrictions than those afforded in the RFC, ALJ McDaniel demonstrated that no conflict existed.

Finally, ALJ McDaniel's RFC determination is supported by substantial evidence in the record. She addressed Claimant's ability to handle the stress and pressure of day-to-day employment and ability to concentrate, persist, and keep pace by limiting Claimant to "understand[ing], remember[ing], and carry[ing] out simple instructions on a sustained basis" and "interact[ing] with supervisors, coworkers, and the public on an occasional basis for task completion." (Tr. 70). In making this determination, ALJ McDaniel thoroughly considered the evidence of record, both subjective and objective, in rendering her conclusion. She discussed Claimant's subjective statements as to her anxiety and PTSD at length. ALJ McDaniel also highlighted how although some examinations observed Claimant's flat appearance/behavior, her primary care mental status exams described Claimant as appearing with appropriate appearance and behavior, normal mood, appropriate affect, intact judgment and insight, and sufficient attention span, concentration, language, and fund of knowledge. (Tr. 72 (citing Ex. 2F page 126,

149, 164, 179, 193, 207, 222, 236, 251, 266, 281, 298-99, 316-317, 334, 350, 367-68, 383-384; Ex. 8F page 19, 40, 63-64, 99-100, 119-120, 147-148, 168; Ex 9F, page 10)). ALJ McDaniel further discussed how treating notes from mental health providers document fair/good medication efficacy and no reported side effects. (Tr. 72). Claimant puts forth no evidence undermining that a reasonable mind would accept this evidence as adequate to support ALJ McDaniel's RFC determination.

## IV. Order

Based on the above analysis, the Court finds the Commissioner's decision is supported by substantial evidence in the record and complies with the applicable regulations. **IT IS THEREFORE ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

This is a final and appealable Order and there is no just cause for delay. A separate judgment will be entered.

Copies:    Counsel of Record